## Taite Estate

*Thomas J. Timoney,* for accountant.

TAXIS, P. J., March 21, 1972.—The reason or purpose for the filing of the account is the death, on December 24, 1970, of Rhoda Hopkins Taite, life tenant and cotrustee, and testator's last surviving child. Frank G. Taite died on December 14, 1915, and created the present trust of the residue of his estate for the benefit of his wife, Kate H. G. Taite, for life, and then for his three children, Frank Griffiths Taite, Joseph Gould Taite and Rhoda Hopkins Taite, for their lives. Kate H. G. Taite died July 25, 1924. Under further provisions of the will and under certain conditions which have occurred, testator's last surviving child was given the right and power by will to dispose of the principal of this trust.

Rhoda Hopkins Taite has exercised the power given her, and has created 20 separate trusts out of the principal of this estate, giving the income from each to a named beneficiary for life, with remainder to the children of that beneficiary. The size of these trusts ranges from three percent to seven percent of the total balance for distribution. Testator's widow, aforesaid, left a will with identical trust and power of appoint-

ment provisions, and Rhoda Hopkins Taite, by her will, has appointed the balance in her mother's testamentary trust in similar proportions to the same beneficiaries. See adjudication of even date in the Estate of Kate H. G. Taite, deceased, no. 35823 in this court.

The trustee, thus confronted by 40 separate small trusts, has presented a petition in this and in the Kate H. G. Taite estates, seeking to combine the 40 trusts into 20 separate trusts, one for each of the named beneficiaries. Consents to this by all beneficiaries have been submitted. Section 992 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.992, authorizes trusts created by one instrument to be combined, for cause shown and with the consent of all parties in interest. The cause set forth is "economy and administrative convenience," and the court takes judicial notice of the fact that, even with only 20 trusts, each will be of relatively small size. As to the statutory requirement that the trusts be created by one instrument, we do not overlook the fact that the original source of the funds for these trusts is two separate estates; but the trusts themselves were created by the exercise of the testamentary powers of appointment by Rhoda Hopkins Taite in her will. Cf. Rollins Trust, 1 Fiduc. Rep. 156 (1951). None of the trusts exist by virtue of the wills either of testator or of Kate H. G. Taite, but were created entirely by the way in which Rhoda Hopkins Taite exercised the powers of appointment given to her. Neither Seiple Estate, 72 Montg. L. R. 342 (1956), nor Zoller Estate, 12 D. & C. 2d 313, prevent the relief sought by the petition, because in the former the trusts were not identical and in the latter the trusts had been created by separate instruments. Accordingly, it is ordered and decreed that the 40 separate trusts arising from the assets of this trust and the assets of the trust of Kate H. G. Taite, afore-

said, be combined and administered as 20 separate trusts under the provisions of the will of Rhoda Hopkins Taite, deceased.

The First Pennsylvania Banking and Trust Company, Executor of the Estate of Rhoda Hopkins Taite, deceased, has executed a waiver of a full income accounting in the present trust, and also joins in the account and in the petition for adjudication.

And now, March 21, 1972, this adjudication is confirmed nisi.